IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CARLA M. DANIELS,

           Plaintiff,

    v.                      Civil Action Number 3:07CV653

TOWN OF FARMVILLE, et al.,

           Defendants.

**MEMORANDUM OPINION**

      This matter is before the Court on the plaintiff's motion to remand and the defendants' motions for leave to file certificate of consent for removal. The parties have responded to the motions, and these motions are ripe. The Court finds that the decision-making process would not be aided by oral argument.

      Plaintiff Carla M. Daniels ("plaintiff" or "Daniels") filed this matter in the Circuit Court of Prince Edward County on or about November 13, 2006, according to the notice of removal. All defendants were served on October 3, 2007. Defendant Prince Edward County Sheriff's Department ("Prince Edward Sheriff") removed this matter to this Court on October 23, 2007, twenty days after service, stating in the notice of removal that "[a]ll of the defendants, by their counsel, consent to the removal of this action." Then, on October 26 and October 31, counsel for defendants Prince Edward County and Town of Farmville, Stuart O. Dunnavant ("Dunnavant"), and A. Q. Ellington ("Ellington") filed notices of appearance on behalf of their respective clients. On November 6, 2007, the plaintiff filed a motion to remand, arguing that only defendant Prince Edward Sheriff filed a notice of removal and that the failure of the other

defendants to comply with the removal statute's procedural requirements requires remand to state court. The defendants argue that this is a "perceived technical defect." They seek leave to file "certificates of consent for removal."

"The procedure for removal from a State court is provided in 28 U.S.C. § 1446. Section 1446(a) provides that '[a] defendant or defendants desiring to remove any civil action . . . from a State court shall file . . . a notice of removal signed pursuant to [Fed.R.Civ.P. 11].'" Henrich v. Falls, 2006 WL 335635, *1 (E.D.Va. 2006) (quoting 28 U.S.C. § 1446(a)). In addition, "all defendants must unanimously join in or consent to removal within thirty days of being served with the initial pleadings." Id. (citing 28 U.S.C. § 1446(b); Unicom Sys., Inc. v. Nat'l Louis Univ., 262 F. Supp.2d 638, 640-41 (E.D.Va. 2003); Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 508 (E.D.Va. 1992); Adams v. Aero Servs. Int'l, Inc., 657 F. Supp. 519, 521 (E.D.Va. 1987); Mason v. Int'l Bus. Machs., 543 F. Supp. 444, 445-46 (M.D.N.C. 1982)).[1] Defendants are not required to sign the same notice of removal. Unicom, 262 F. Supp.2d at 640-41. However, it is required that "each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period." Id. at 641. See Wilkins v. Corr. Med. Sys., 931 F.2d 888, 1991 WL 68791, *2 n.2 (4th Cir. 1991) (unpublished) (noting that each defendant must "join in, file his own, or officially and unambiguously consent to, a removal petition within 30 days of service"); Creekmore, 797

---

[1] There are certain recognized exceptions to the rule requiring all defendants to join in or otherwise consent to the removal, including defendants who have not been served at the time the notice of removal is filed and nominal or formal party defendants, but none of the exceptions is applicable here. See Unicom, 262 F. Supp.2d at 640-641.

F.Supp. at 509 (stating that "all defendants must affirmatively and unambiguously assert their desire to remove the case to federal court").

Defendants Town of Farmville, Dunnavant, and Ellington, and Prince Edward County argue that they had given express consent to defendant Prince Edward Sheriff's counsel to remove the matter. They refer the Court to exhibits that are emails from Jeremy Capps, counsel for defendants Town of Farmville, Dunnavant, and Ellington, and from Jim Guynn, counsel for Prince Edward County, to counsel for Prince Edward Sheriff. This issue was recently addressed by Chief Judge Spencer in Smith v. City of Newport News, 2007 WL 1655341 (E.D.Va. 2007). In Smith, two defendants filed a notice of removal representing that the removal was filed "with the express consent to removal by all co-defendants . . . ." Judge Spencer noted, however, that "[t]he representation by Troung and Loose that the other defendants consented to removal does not satisfy the requirements of § 1446." Id. at *2 (citing Creekmore, 797 F. Supp. at 509 in which the Court had considered and rejected Food Lion's argument that its representations of consent on behalf of other defendants satisfied the statute and Rule 11, concluding: "The statute requires all defendants, individually, or through their counsel, to voice their consent before the court, *not through another party's attorney*.") (emphasis added). While defendants cite Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254 (5th Cir. 1988) for the proposition that the removing defendant could act on their behalf, the Court does not read that case to stand for such a rule; instead, Getty Oil requires a "timely filed written indication from each served defendant or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action," so that there will be something "on the record to 'bind' the allegedly consenting defendant." Id. at 1262 n.11. A

statement by defendant Prince Edward Sheriff along with a copy of an email is not sufficient. Judge Hilton also addressed this issue in Henrich v. Falls, noting that "any representation made in [a defendant's] Notice of Removal as to [another defendant's] consent to removal is invalid ." 2006 WL 335635, *2 (citing cases).

> Section 1446 expressly requires that [a defendant] file a consent to removal in accordance with Fed. R. Civ. P. 11. Therefore, any consent to removal by [a defendant] must have been in writing and signed by [the defendant] or her attorney of record. These requirements were not satisfied, and the [other defendants'] Notice of Removal does not constitute consent to removal on the part of [the non-removing defendant].

Id. See also Unicom, 262 F.Supp. at 642 n.5 (explaining that "one defendant may not speak for another in a removal petition.").

Further, in deference to federalism concerns, removal statutes must be strictly construed. Unicom, 262 F. Supp.2d at 641. "Removal of civil cases to federal court is an infringement on state sovereignty. Consequently, the statutory provisions regulating removal must be strictly applied." Adams, 657 F. Supp. at 521 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). "Failure to comply with those provisions generally constitutes an adequate ground for remand to the state court." Id. (citing Mason, 543 F. Supp. at 445). "Federal courts are courts of limited jurisdiction, which should not be imprudently extended to cover claims within the traditional purview of state courts." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Louth, 40 F. Supp.2d 776, 782 (W.D.Va. 1999).[2]

---

[2] The pleadings in this case indicate that there are both state law claims and claims brought under Section 1983.

The defendants have filed motions for leave to file certificate of consent for removal. In Smith, Judge Spencer considered a similar motion, to amend the notice of removal to include express endorsement to removal. However, as Judge Spencer noted, "Permitting such a belated endorsement is not consistent with the strict construction of the removal statutes against the removing party." Smith, at *2 n.2 (citing Moody v. Commercial Ins. Co. of Newark, 753 F. Supp. 198, 202 (N.D. Tex. 1990); Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434, 437 n.1 (W.D.Va. 1990)). "The failure to join in or consent to removal in a timely fashion is a substantial albeit non-jurisdictional defect in the removal proceedings. Because the statutory time limitation is mandatory and must be strictly complied with, noncompliance is sufficient to render removal improper and to require remand." Adams, 657 F. Supp. at 521 (internal citations omitted).

Defendants Town of Farmville, Dunnavant, Ellington and Prince Edward County were required to file affirmative and unambiguous consents to removal no later than thirty days from October 3, 2007. The only pleadings filed by these defendants during this time period were notices of appearance. Some defendants have argued in other cases that filing any pleading, including an answer, within the thirty-day removal period is sufficient to constitute consent to removal. However, as Judge Ellis recently stated, "An answer that is wholly silent on removal, as here, falls far short of this standard and many courts have so held." Unicom, 262 F.Supp.2d at 642 (citing cases). Judge Ellis concluded that because an answer is not an "affirmative and unambiguous" manifestation of consent, as required by a strict construction of the removal statute, then remand was required. Id. Similarly, in the Henrich case, Judge Hilton found that a motion to dismiss filed by an allegedly consenting defendant was insufficient as to consent to

remove because it was "completely silent as to whether she consents to removal." 2006 WL 335635, at *2. Having reviewed the notices of appearance filed by counsel in this matter, the Court concludes that they are also "completely silent" regarding removal and that they are not the "affirmative and unambiguous" manifestation of consent to removal required.

Accordingly, for all these reasons, the plaintiff's motion to remand will be granted, the defendants' motions for leave to file certificate of consent for removal will be denied, and this matter will be remanded to the Circuit Court of Prince Edward County.

An appropriate Order shall issue.

November 29, 2007 /s/
DATE                     RICHARD L. WILLIAMS
                         SENIOR UNITED STATES DISTRICT JUDGE